Abraham J. Gellinoff, J.
In this article 78 proceeding, petitioner-landlord challenges respondent-commissioner’s determinations with respect to rent increases for several apartments in Westchester County.
At issue are two applications made by petitioner for rent increases, pursuant to the State Emergency Housing Rent Control Law (L 1946, ch 274, as amd). The first was made pursuant to section 4 (subd 4, par [a], cl [7]) on the ground that a major capital improvement — a new roof — had been made. Respondent granted the application, but directed an "abatement” of the increase until petitioner had cleared various violations of record against the property placed by the Town of Eastchester Building Department.
This determination was neither arbitrary nor capricious. The tenant complaints as to conditions in the subject apartments were sufficient, if credited by respondent, to support the conclusion that petitioner was not "maintaining all essential services”; and that is a ground for denial of such increase pursuant to section 33 of respondent’s Rent and Eviction Regulations (NYCRR 2102.3). And respondent was justified in relying upon violations of record as proof of such failure by petitioner, and upon the record removal of such violations as proof of compliance.
*333 The application challenging this determination must therefore be denied.
The second application was made pursuant to section 4 (subd 4, par [a], cl [1]) of the Emergency Housing Rent Control Law (L 1946, ch 274, as amd) on the ground that the rental income from the property yielded less than a 1Vi% annual return. Respondent granted the application, but, as to three apartments, delayed the effective date of the increase on the ground that, for those apartments, immediate effectiveness would constitute a second such increase within a 12-month period in violation of section 4 (subd 4, par [b]). Respondent has misinterpreted the applicable law, and his determination must be vacated.
This branch of the petition concerns three apartments which at one time were occupied pursuant to leases. During the terms of those leases, petitioner applied for, and was granted, a 15% building-wide hardship increase. Because the tenants in these three apartments were protected by their leases, however, collection of the increase with respect to these apartments was barred on the effective date of the increase. Upon expiration of the leases, however, the previously granted increase became collectible for these apartments.
One year after the hardship increase, but less than one year after it had become collectible for these particular apartments, petitioner was granted another 15% hardship increase. Respondent, however, has ruled that the effective date of the new increase for these particular apartments must be postponed to a date one year after the prior increase became collectible, so as not to violate section 4 (subd 4, par [b]) of the Emergency Housing Rent Control Law, which provides, in relevant part, that: "The total of all adjustments ordered by the commission pursuant to (1) and (3) of paragraph (a) of subdivision four hereof for any individual housing accommodations shall not exceed fifteen per centum for any twelve month period.”
Respondent’s ruling overlooks the distinction between maximum rent and collectible rent. Here, the two maximum rent "adjustments ordered by the commission” were in fact 12 months apart. For, the first "adjustment” was also effective for these particular apartments on its building-wide effective date, notwithstanding that the maximum rent pursuant to that "adjustment” was uncollectible from these tenants during *334 part of those 12 months. One of the advantages to a tenant in occupying an apartment under a lease is that, during the lease period, an increase in maximum rent is not collectible. But the specific contractual relation between the landlord and these particular tenants under their leases does not defeat the landlord’s right to earn a 7Vi% return, as determined by respondent, once the leases have expired.
Accordingly, the challenge to respondent’s determination of the hardship increase application is meritorious, and the petition is, to that extent, granted.